IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY - 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THOMAS D. SYKES                )
239 Surrey Lane                )
Lake Forest, IL 60045          )
Phone: 312-984-7530,           )

        **Plaintiff,**

    v.

JON W. DUDAS, IN HIS OFFICIAL
CAPACITY AS DIRECTOR OF THE
UNITED STATES PATENT AND
TRADEMARK OFFICE, AN AGENCY )
IN THE UNITED STATES           )
DEPARTMENT OF COMMERCE,        )
                  )
       **Defendant.**      )

CASE NUMBER 1:06CV00829

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Administrative Agency Revi

DATE STAMP: 05/04/2006

## COMPLAINT

Plaintiff, Thomas D. Sykes, for his Complaint against Defendant, Jon W. Dudas, alleges as follows:

1.    Plaintiff, appearing pro se, is the owner of U.S. Patent No. 6,962,311 B1 ("Patent at Issue"), which was granted to him, as the sole inventor, on November 8, 2005. He has not assigned any of his rights under the Patent at Issue. A copy of the Patent at Issue is attached hereto as Exhibit 1.

2.    Defendant, Jon W. Dudas, is the Director of the United States Patent and Trademark Office ("USPTO"), an agency in the United States Department of Commerce. This action is bought against Mr. Dudas, and any successor in office, in his (or her) official capacity as Director of the USPTO.

3.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and pursuant to 35 U.S.C. § 154(b)(4)(A).

4.    Venue in this Court is proper pursuant to 35 U.S.C. § 154(b)(4)(A).

5.    This action is brought by Plaintiff pursuant to 35 U.S.C. § 154(b)(4)(A) and is timely commenced within the 180-day provision specified by that provision.

6.    Plaintiff is dissatisfied with a determination made by the USPTO under 35 U.S.C. § 154(b)(3) and seeks a judgment changing the period of adjustment of the patent term of the Patent at Issue.

7.    Specifically, Plaintiff is dissatisfied with the USPTO's Determination of Patent Term Extension under 35 U.S.C. 154(b) ("Determination"), which allowed a term extension of 1139 days. That Determination was issued on or about October 19, 2005. A copy of that Determination is attached hereto as Exhibit 2.

8.    The Determination referred to paragraph 7, above, was based upon a Decision on Petition for Patent Term Adjustment ("Decision"), issued by the USPTO on or about September 22, 2005. A copy of that Decision is attached hereto as Exhibit 3.

9.    On November 10, 2005, Plaintiff, through his attorney, filed a Petition Under 37 C.F.R. 1.182 Or In The Alternative Under 1.183 ("Petition"). A copy of that Petition is attached hereto as Exhibit 4. To date, however, the USPTO has taken no action on that Petition.

10.    The Determination referred to in paragraph 7, above, is erroneous and unlawful or the reasons set out in the Petition and the exhibits thereto, and for reasons appearing in the whole record (including USPTO Serial Nos. 08/180,202 and 08/651,431).

11.    The Decision referred to in paragraph 8, above, is erroneous and unlawful for the reasons set out in the Petition and the exhibits thereto, and for reasons appearing in the whole record (including USPTO Serial Nos. 08/180,202 and 08/651,431).

- 2 -

12.    The failure of the USPTO to act upon and allow the term adjustment sought by the Petition is erroneous and unlawful for the reasons set out in the Petition and the exhibits thereto, and for reasons appearing in the whole record (including USPTO Serial Nos. 08/180,202 and 08/651,431).

WHEREFORE, Plaintiff requests that the Court:

(A)  ORDER Defendant, and any successor in office, to expeditiously act upon the Petition referred to above in paragraph 9 and to report that action to the Court; and

(B)  in the event that the relief sought in paragraph (A), above, is not granted by the Court or that Defendant (or his successor in office), in acting (or failing to act) upon said Petition, fails to grant Plaintiff the 17-year term sought by the Petition, ORDER that the term adjustment of the Patent at Issue be changed so that: (1) the Patent at Issue has a 17-year term running forward from November 8, 2005; or, in the alternative, (2) the Patent at Issue has a 20-year term under 35 U.S.C. § 154(a)(2) that is adjusted and extended by 1798 days or any greater number of days to which Plaintiff may be entitled; and

(C)  ORDER such other and further relief as is appropriate, including an award of costs, other expenses, and any attorneys fees.

THOMAS D. SYKES, Pro Se
239 Surrey Lane
Lake Forest, IL  60045
Tel:  (312) 984-7530
Fax:  (312) 984-7700
Email:  tsykes@mwe.com
DC Bar No. 461071

Dated:  May 3, 2006

- 3 -