IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. SYKES )<br>239 Surrey Lane )<br>Lake Forest, IL 60045 )<br>Phone: 312-984-7530, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JON W. DUDAS, IN HIS OFFICIAL )<br>CAPACITY AS DIRECTOR OF THE )<br>UNITED STATES PATENT AND )<br>TRADEMARK OFFICE, AN AGENCY )<br>IN THE UNITED STATES )<br>DEPARTMENT OF COMMERCE, )<br>)<br>Defendant. ) | Civil Action No. 06-829 (CKK) |

## FIRST AMENDED COMPLAINT

Pursuant to Rule 15, Fed. R. Civ. P., Plaintiff, Thomas D. Sykes, for his First Amended Complaint against Defendant, Jon W. Dudas, alleges as follows:

1.  Plaintiff, appearing pro se, is the owner of U.S. Patent No. 6,962,311 B1 ("Patent at Issue"), which was granted to him, as the sole inventor, on November 8, 2005. He has not assigned any of his rights under the Patent at Issue. A copy of the Patent at Issue was attached to Plaintiff's Complaint as Exhibit 1.

2.  Defendant, Jon W. Dudas, is the Director of the United States Patent and Trademark Office ("USPTO"), an agency in the United States Department of Commerce. This action is bought against Mr. Dudas, and any successor in office, in his (or her) official capacity as Director of the USPTO.

3.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and pursuant to 35 U.S.C. § 154(b)(4)(A).

4. Venue in this Court is proper pursuant to 35 U.S.C. § 154(b)(4)(A).

5. This action is brought by Plaintiff pursuant to 35 U.S.C. § 154(b)(4)(A) and is timely commenced within the 180-day provision specified by that provision.

6. Plaintiff is dissatisfied with a determination made by the USPTO under 35 U.S.C. § 154(b)(3) and seeks a judgment changing the period of adjustment of the patent term of the Patent at Issue.

7. Specifically, Plaintiff is dissatisfied with the USPTO's Determination of Patent Term Extension under 35 U.S.C. 154(b) ("Determination"), which allowed a term extension of 1139 days. That Determination was issued on or about October 19, 2005. A copy of that Determination was attached to Plaintiff's Complaint as Exhibit 2.

8. The Determination referred to paragraph 7, above, was based upon a Decision on Petition for Patent Term Adjustment ("Decision"), issued by the USPTO on or about September 22, 2005. A copy of that Decision was attached to Plaintiff's Complaint as Exhibit 3.

9. On November 10, 2005, Plaintiff, through his attorney, filed a Petition Under 37 C.F.R. 1.182 Or In The Alternative Under 1.183 ("Petition"). A copy of that Petition was attached to Plaintiff's Complaint as Exhibit 4.

10. On July 11, 2006, in response to the submission described in paragraph 9, above, the USPTO issued a Decision on Petition for Patent Term Adjustment ("Second Decision"). A copy of that document is attached hereto as Exhibit 5.

11. The Determination referred to in paragraph 7, above, is erroneous and unlawful or the reasons set out in the Petition and the exhibits thereto, and for reasons appearing in the whole record (including USPTO Serial Nos. 08/180,202 and 08/651,431).

CH199 4626254-1.T07012.0011

12. The Decision referred to in paragraph 8, above, is erroneous and unlawful for the reasons set out in the Petition and the exhibits thereto, and for reasons appearing in the whole record (including USPTO Serial Nos. 08/180,202 and 08/651,431).

13. The Second Decision referred to in paragraph 10, above, is erroneous and unlawful for the reasons set out in the Petition and the exhibits thereto, and for reasons appearing in the whole record (including USPTO Serial Nos. 08/180,202 and 08/651,431).

WHEREFORE, Plaintiff requests that the Court:

(A) ORDER that the term adjustment of the Patent at Issue be changed so that: (1) the Patent at Issue has a 17-year term running forward from November 8, 2005; or, in the alternative, (2) the Patent at Issue has a 20-year term under 35 U.S.C. § 154(a)(2) that is adjusted and extended by 1798 days or any greater number of days to which Plaintiff may be entitled; and

(B) ORDER such other and further relief as is appropriate, including an award of costs, other expenses, and any attorneys fees.

                                                                 /s/ Thomas D. Sykes
THOMAS D. SYKES, Pro Se
239 Surrey Lane
Lake Forest, IL  60045
Tel:  (312) 984-7530
Fax:  (312) 984-7700
Email:  tsykes@mwe.com
DC Bar No. 461071

Dated:  November 8, 2006

CHI99 4626254-1.T07012.0011

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing First Amended Complaint has this 8th day of November 2006 been made upon the following by electronic filing and through the Court's electronic notification system:

>Karen L. Melnik, D.C. Bar No. 436452
>Assistant U.S. Attorney
>United States Attorney's Office
>Civil Division
>555 Fourth Street, N.W., Rm 4-4112
>Washington, D.C.  307-0338
>(202) 307-0338

>_____
>THOMAS D. SYKES, Pro Se
>239 Surrey Lane
>Lake Forest, IL  60045
>Tel:  (312) 984-7530
>Fax:  (312) 984-7700
>Email:  tsykes@mwe.com
>DC Bar No. 461071



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.go

JAY F. MOLDOVANYI
FAY, SHARPE, FAGAN, MINNICH & MCKEE, LLP
1100 SUPERIOR AVENUE
SUITE 700
CLEVELAND OH 44114-2518

COPY MAILED
JUL 11 2006
OFFICE OF PETITIONS

RECEIVED
JUL 13 2006
FAY, SHARPE, FAGAN,
MINNICH & McKEE, LLP

In re Application of                    :
Stodola                                 :
U.S. Patent No. 6,962,311               : Decision on Petition for
Issue Date: November 8, 2005            : Patent Term Adjustment
Application No. 08/651,431              :
Filing Date: May 22, 1996               :
For: Platform for Computer Input Device :

The above-identified application has been forwarded to the undersigned for consideration on a petition under 35 U.S.C. 154(b) and (c) and 37 CFR 1.705, titled "Application For Patent Term Adjustment" received on November 14, 2005. See 35 U.S.C. § 154(b)[1] and 37 CFR §§ 1.701 and 1.705. The petition is being treated under 37 CFR 1.183 and 37 CFR 1.705.

The petition under 37 CFR 1.183 to suspend 37 CFR 1.701 is dismissed.

The petition under 37 CFR 1.705 is <u>dismissed</u>.

Petitioner notes that the above-identified application was initially filed on January 11, 1994, but did not issue until November 8, 2005. Petitioner asserts that the patent should be eligible for a 17-year patent term or alternatively be eligible for a patent term adjustment of 1,798 days.

Petitioner asserts that the patent should be entitled to a 17-year patent term because the original parent application was filed on January 11, 1994, and the above-identified patent originated from an original application filed prior to June 8, 1995. Petitioner asserts that since the specification of the instant patent is identical to the earlier filed application and the later filed application is simply because the USPTO made a restriction requirement that the patent is entitled to a 17-year patent term. Petitioner asserts that based on 35 U.S.C. § 154(c)(1) the application is entitled to the greater of 20-year term from filing or a 17-year term. Petitioner asserts that the USPTO is obligated to interpret § 154(c)(1) to provide applicant with the greatest term. Petitioner argues that Congress would not have passed

---

[1] 35 U.S.C. § 154 was amended by the "American Inventors Protection Act of 1999," which was enacted on November 29, 1999 as part of Public Law 106-113 (Consolidated Appropriations Act for Fiscal Year 2000). Since this amendment is effective May 29, 2000 and applies to applications filed on or after that date, the prior patent term adjustment provisions of 35 U.S.C. § 154 continue to apply to the above-identified application.

EXHIBIT
5
ALL-STATE LEGAL®

U.S. Patent No. 6,962,311                                                                                              Page 2

legislation, which based the 20-year patent term on the earliest effective filing date and then use the later filing date to place the application under the 20-year term provisions. Petitioner asserts that it raises Constitutional issues to interpret the statute not to provide Petitioner 17 years of patent coverage for an application that was originally filed prior to June 8, 1995.

In the alternative, Petitioner asserts that the patent is entitled to patent term adjustment based on the Patent term Guarantee Act of 1999. Petitioner asserts that since the application was pending when the legislation went into effect, that the patent is entitled to patent term adjustment under the patent term adjustment provisions. Petitioner asserts that the clause "shall apply to any application filed on or after the date that is 6 months after the date of enactment of this Act" in the effective date provision does not limit the statute to only applications, which were filed on or after the date that is 6 months after the date of enactment. Petitioner asserts that statutes that have a remedial purpose are to be liberally construed in favor of the intended beneficiaries.

Petitioner asserts that the interpretation given to the enactment provision by 37 CFR 1.701 and 1.702(f) are invalid because they establish substantive rules. Petitioner argues that the USPTO has no authority to establish substantive regulations and that its authority is limited to regulations not inconsistent with law. Petitioner argues that the first half to the § 4405 states that the Act "shall take effect on [May 29, 2000]," thus the Act applies to any application still pending on May 29, 2000. Petitioner asserts that it is inconceivable that Congress intended that Applicants with applications filed prior to May 29, 2000, not to have the benefit of this remedial legislation.

35 U.S.C. § 154(b)(as amended by the "Uruguay Round Agreements Act," enacted December 8, 1994, as part of Public Law 103-465) provides for patent term extension for appellate review, interference and secrecy order delays in applications filed on or after June 8, 1995 and before May 29, 2000.
35 U.S.C. § 154(b)(as amended by the "American Inventors Protection Act of 1999," (AIPA) enacted November 29, 1999, as part of Public Law 106-113) provides for patent term adjustment for these administrative delays and others in applications filed on or after May 29, 2000. The patent statute only permits extension of patent term based on very specific criteria. The Office has no authority to grant any extension or adjustment of the term due to administrative delays except as authorized by
35 U.S.C. § 154.

The above-identified application was filed on May 22, 1996. Accordingly it is entitled to patent term extension based upon the conditions in 35 U.S.C. § 154(b), in effect on June 8, 1995. The provisions of 35 U.S.C. § 154(b) in effect on May 29, 2000 do not apply, because the amended version of
35 U.S.C. § 154(b) only applies to applications filed on or after May 29, 2000. Pursuant to
35 U.S.C. § 154(b), in effect on June 8, 1995, an applicant can receive patent term extension only if there was an appellate review, interference or a secrecy order delays as set forth in the statute. The patent is entitled to 1,139-days of patent term extension based on the appellate review. The Office has no authority to grant an extension of the term due to administrative delays except as authorized by 35 U.S.C. § 154.

Petitioner's argument that the above-identified application is eligible for a 17-year term because the parent application (08/180,202), which is the original application, was filed prior to June 8, 1995, is not persuasive. "Original" is used in the patent statute and rules to refer to an application, which is not a reissue application. An original application may be a first filing or a continuing application. See MPEP

U.S. Patent No. 6,962,311 Page 3

201.04(a). Since the above-identified application was filed after June 8, 1995, on May 22, 1996, it is not eligible for a 17-year patent term by the clear terms of the statute.

Petitioner's argument that it is not fair that applicant had to file the above-identified application in response to a restriction requirement is not persuasive. Applicant could have initially filed a second application to cover the second invention or filed the second application in response to the restriction requirement, which was mailed by the Office on April 5, 1995.

With respect to petitioners other arguments concerning the eligibility of the 17-year patent term and the patent term provisions, see *Changes to Implement 20-Year Patent Term and Provisional Applications*, 60 FR 20195 (April 25, 1995).

Petitioner's argument that the application is eligible for patent term adjustment because it was still pending when the legislation became effective is not persuasive. The effective date provision (§ 4405) in the legislation clearly states that the amendments to 35 U.S.C. § 154 apply to applications filed on or after the date that is 6 months after the date of enactment, i.e., May 29, 2000. This provision does not include applications that were filed prior to the date of enactment or even immediately after the date of enactment, but application that were filed on or after the date that is 6 months after the date of enactment. It is noted that Congress did not make the more generous patent term adjustment provisions in current 35 U.S.C. 154 retroactively available to the instant application. Since Congress failed to make the provisions applicable in the instant application, the Office cannot either.

With respect to petitioners other arguments concerning the eligibility of patent term adjustment provisions, see *Changes to Implement Patent Term Adjustment under Twenty-Year Patent Term*, 65 FR 56366 (Sept. 18, 2000) 1239 *Off. Gaz. Pat. Office Notices* 14 (Oct. 3, 2000).

The rules and statutory provisions governing the operations of the U.S. Patent and Trademark Office require payment of a fee on filing each petition. *See* 35 U.S.C. § 41(a)(7). The Petition fees have been received.

After mailing of this decision, the above-identified application will be returned to the Files Repository.

Telephone inquiries with regard to this communication should be directed to Mark O. Polutta at (571) 272-7709.

*/s/ Mark O. Polutta*

Mark O. Polutta
Senior Legal Advisor
Office of Patent Legal Administration
Office of the Deputy Commissioner
 for Patent Examination Policy