| 106TH CONGRESS  <br> 1st Session | HOUSE OF REPRESENTATIVES | REPT. 106-287  <br> Part 1 |
|---|---|---|

# AMERICAN INVENTORS PROTECTION ACT OF 1999

AUGUST 3, 1999.—Committed to the Committee of the Whole House on the State of the Union and ordered to be printed

Mr. COBLE, from the Committee on the Judiciary, submitted the following

# REPORT

[To accompany H.R. 1907]

[Including cost estimate of the Congressional Budget Office]

The Committee on the Judiciary, to whom was referred the bill (H.R. 1907) to amend title 35, United States Code, to provide enhanced protection for inventors and innovators, protect patent terms, reduce patent litigation, and for other purposes, having considered the same, reports favorably thereon with an amendment and recommends that the bill as amended do pass. Table of Contents for Reports:

TABLE OF CONTENTS

| | Page |
|---|---|
| The Amendment | 2 |
| Purpose and Summary | 30 |
| Background and Need for the Legislation | 31 |
| Hearings | 33 |
| Committee Consideration | 33 |
| Committee Oversight Findings | 33 |
| Committee on Government Reform Findings | 34 |
| New Budget Authority and Tax Expenditures | 34 |
| Congressional Budget Office Cost Estimate | 34 |
| Constitutional Authority Statement | 39 |
| Section-by-Section Analysis | 39 |
| Changes in Existing Law Made by the Bill, as Reported | 70 |

The amendment is as follows:

PTO EXHIBIT 6


49

machinery to a third party unless the entire commercial establishment is transferred as well.

Subsection (b)(7) limits the sites for which the defense may be asserted when the defense has been transferred along with the enterprise or line of business to which the defense relates, as permitted by subsection (b)(6). Specifically, when the enterprise or line of business to which the defense relates has been transferred, the defense may be asserted only for uses at those sites where the subject matter was used before the later of the patent filing date or the date of transfer of the enterprise or line of business. A site is a factory site or other major facility in which an enterprise or line of business has made a significant capital investment, and does not include, for example, offsite locations for development of software components or manufacture of parts or ingredients.

Subsection (b)(8) states that a person who fails to demonstrate a reasonable basis for asserting the defense may be held liable for attorneys fees under §285 of the Patent Act.

Subsection (b)(9) specifies that the successful assertion of the defense does not mean that the affected patent is invalid. Paragraph (9) eliminates a point of uncertainty under current law concerning the validity of patents, and strikes a balance between the rights of a later inventor who obtains a patent and an earlier inventor who continues to use its method or process in the conduct of its business. Under current law, although the matter has seldom been litigated, a party who commercially used an invention in secrecy before the patent filing date and invented the subject matter before the patent owner's invention may argue that the patent is invalid under §102 (g) of the Patent Act. Arguably, commercial use of an invention in secrecy is not suppression or concealment of the invention within the meaning of §102(g), and therefore the party's earlier invention will invalidate the patent.[2] The bill provides that a party who a uses a process or business method commercially in secrecy before the patent filing date and establishes a §273 defense is not an earlier inventor for purposes of invalidating the patent.

*Sec. 203. Effective date and applicability.* The effective date for Title II is the date of enactment, except that the title does not apply to any infringement action pending on the date of enactment or to any subject matter for which an adjudication of infringement, including a consent judgment, has been made before the date of enactment.

### TITLE III—PATENT TERM GUARANTEE

*Generally.* Title III amends the provisions in the Patent Act that compensate patent applicants for certain reductions in patent term that are not the fault of the applicant. The provisions that were initially included only provided adjustments for up to 10 years for secrecy orders, interferences, and successful appeals. Not only are these adjustments too short in some cases, but no adjustments were provided for administrative delays caused by the PTO that were beyond the control of the applicant. Accordingly, Title III removes the 10-year caps from the existing provisions, adds a new provision to compensate applicants fully for PTO-caused adminis-

---

[2] See *Dunlop Holdings* v. _____, _____ F.2d _____ (7th Cir. 19____).