(C) in subsection (b) by striking "trade-mark" and inserting "trademark".

(2) The item relating to section 1338 in the table of sections for chapter 85 of title 28, United States Code, is amended by striking "trade-marks" and inserting "trademarks".

### SEC. 3010. EFFECTIVE DATE.

Sections 3002(a), 3003, 3004, 3005, and 3008 of this title shall apply to all domain names registered before, on, or after the date of the enactment of this Act, except that damages under subsection (a) or (d) of section 35 of the Trademark Act of 1946 (15 U.S.C. 1117), as amended by section 3003 of this title, shall not be available with respect to the registration, trafficking, or use of a domain name that occurs before the date of the enactment of this Act.

## TITLE IV—INVENTOR PROTECTION

### SEC. 4001. SHORT TITLE.

This title may be cited as the "American Inventors Protection Act of 1999".

### Subtitle A—Inventors' Rights

### SEC. 4101. SHORT TITLE.

This subtitle may be cited as the "Inventors' Rights Act of 1999".

### SEC. 4102. INTEGRITY IN INVENTION PROMOTION SERVICES.

(a) IN GENERAL.—Chapter 29 of title 35, United States Code, is amended by adding at the end the following new section:

### § 297. Improper and deceptive invention promotion

"(a) IN GENERAL.—An invention promoter shall have a duty to disclose the following information to a customer in writing, prior to entering into a contract for invention promotion services:

"(1) the total number of inventions evaluated by the invention promoter for commercial potential in the past 5 years, as well as the number of those inventions that received positive evaluations, and the number of those inventions that received negative evaluations;

"(2) the total number of customers who have contracted with the invention promoter in the past 5 years, not including customers who have purchased trade show services, research, advertising, or other nonmarketing services from the invention promoter, or who have defaulted in their payment to the invention promoter;

"(3) the total number of customers known by the invention promoter to have received a net financial profit as a direct result of the invention promotion services provided by such invention promoter;

"(4) the total number of customers known by the invention promoter to have received license agreements for their inventions as a direct result of the invention promotion services provided by such invention promoter; and

"(5) the names and addresses of all previous invention promotion companies with which the invention promoter or

Nov. 29  CONSOLIDATED APPROPRIATIONS ACT, 2000  P.L. 106–113

"(6) PERSONAL DEFENSE.—The defense under this section may be asserted only by the person who performed the acts necessary to establish the defense and, except for any transfer to the patent owner, the right to assert the defense shall not be licensed or assigned or transferred to another person except as an ancillary and subordinate part of a good faith assignment or transfer for other reasons of the entire enterprise or line of business to which the defense relates.

"(7) LIMITATION ON SITES.—A defense under this section, when acquired as part of a good faith assignment or transfer of an entire enterprise or line of business to which the defense relates, may only be asserted for uses at sites where the subject matter that would otherwise infringe one or more of the claims is in use before the later of the effective filing date of the patent or the date of the assignment or transfer of such enterprise or line of business.

"(8) UNSUCCESSFUL ASSERTION OF DEFENSE.—If the defense under this section is pleaded by a person who is found to infringe the patent and who subsequently fails to demonstrate a reasonable basis for asserting the defense, the court shall find the case exceptional for the purpose of awarding attorney fees under section 285 of this title.

"(9) INVALIDITY.—A patent shall not be deemed to be invalid under section 102 or 103 of this title solely because a defense is raised or established under this section.".

(b) CONFORMING AMENDMENT.—The table of sections at the beginning of chapter 28 of title 35, United States Code, is amended by adding at the end the following new item:

"273. Defense to infringement based on earlier inventor.".

SEC. 4303.  EFFECTIVE DATE AND APPLICABILITY.

This subtitle and the amendments made by this subtitle shall take effect on the date of the enactment of this Act, but shall not apply to any action for infringement that is pending on such date of enactment or with respect to any subject matter for which an adjudication of infringement, including a consent judgment, has been made before such date of enactment.

## Subtitle D—Patent Term Guarantee

SEC. 4401.  SHORT TITLE.

This subtitle may be cited as the "Patent Term Guarantee Act of 1999".

SEC. 4402.  PATENT TERM GUARANTEE AUTHORITY.

(a) ADJUSTMENT OF PATENT TERM.—Section 154(b) of title 35, United States Code, is amended to read as follows:

"(b) Adjustment of Patent Term.—

"(1) Patent term guarantees.—

"(A) GUARANTEE OF PROMPT PATENT AND TRADEMARK OFFICE RESPONSES.—Subject to the limitations under paragraph (2), if the issue of an original patent is delayed due to the failure of the Patent and Trademark Office to—

"(i) provide at least one of the notifications under section 132 of this title or a notice of allowance under

section 151 of this title not later than 14 months after—

"(I) the date on which an application was filed under section 111(a) of this title; or

"(II) the date on which an international application fulfilled the requirements of section 371 of this title;

"(ii) respond to a reply under section 132, or to an appeal taken under section 134, within 4 months after the date on which the reply was filed or the appeal was taken;

"(iii) act on an application within 4 months after the date of a decision by the Board of Patent Appeals and Interferences under section 134 or 135 or a decision by a Federal court under section 141, 145, or 146 in a case in which allowable claims remain in the application; or

"(iv) issue a patent within 4 months after the date on which the issue fee was paid under section 151 and all outstanding requirements were satisfied,

the term of the patent shall be extended 1 day for each day after the end of the period specified in clause (i), (ii), (iii), or (iv), as the case may be, until the action described in such clause is taken.

"(B) GUARANTEE OF NO MORE THAN 3-YEAR APPLICATION PENDENCY.—Subject to the limitations under paragraph (2), if the issue of an original patent is delayed due to the failure of the United States Patent and Trademark Office to issue a patent within 3 years after the actual filing date of the application in the United States, not including—

"(i) any time consumed by continued examination of the application requested by the applicant under section 132(b);

"(ii) any time consumed by a proceeding under section 135(a), any time consumed by the imposition of an order under section 181, or any time consumed by appellate review by the Board of Patent Appeals and Interferences or by a Federal court; or

"(iii) any delay in the processing of the application by the United States Patent and Trademark Office requested by the applicant except as permitted by paragraph (3)(C),

the term of the patent shall be extended 1 day for each day after the end of that 3-year period until the patent is issued.

"(C) GUARANTEE OR ADJUSTMENTS FOR DELAYS DUE TO INTERFERENCES, SECRECY ORDERS, AND APPEALS.—Subject to the limitations under paragraph (2), if the issue of an original patent is delayed due to—

"(i) a proceeding under section 135(a);

"(ii) the imposition of an order under section 181; or

"(iii) appellate review by the Board of Patent Appeals and Interferences or by a Federal court in a case in which the patent was issued under a decision in the review reversing an adverse determination of patentability,

the term of the patent shall be extended 1 day for each day of the pendency of the proceeding, order, or review, as the case may be.

"(2) LIMITATIONS.—

"(A) IN GENERAL.—To the extent that periods of delay attributable to grounds specified in paragraph (1) overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed.

"(B) DISCLAIMED TERM.—No patent the term of which has been disclaimed beyond a specified date may be adjusted under this section beyond the expiration date specified in the disclaimer.

"(C) REDUCTION OF PERIOD OF ADJUSTMENT.—

"(i) The period of adjustment of the term of a patent under paragraph (1) shall be reduced by a period equal to the period of time during which the applicant failed to engage in reasonable efforts to conclude prosecution of the application.

"(ii) With respect to adjustments to patent term made under the authority of paragraph (1)(B), an applicant shall be deemed to have failed to engage in reasonable efforts to conclude processing or examination of an application for the cumulative total of any periods of time in excess of 3 months that are taken to respond to a notice from the Office making any rejection, objection, argument, or other request, measuring such 3–month period from the date the notice was given or mailed to the applicant.

"(iii) The Director shall prescribe regulations establishing the circumstances that constitute a failure of an applicant to engage in reasonable efforts to conclude processing or examination of an application.

"(3) PROCEDURES FOR PATENT TERM ADJUSTMENT DETERMINATION.—

"(A) The Director shall prescribe regulations establishing procedures for the application for and determination of patent term adjustments under this subsection.

"(B) Under the procedures established under subparagraph (A), the Director shall—

"(i) make a determination of the period of any patent term adjustment under this subsection, and shall transmit a notice of that determination with the written notice of allowance of the application under section 151; and

"(ii) provide the applicant one opportunity to request reconsideration of any patent term adjustment determination made by the Director.

"(C) The Director shall reinstate all or part of the cumulative period of time of an adjustment under paragraph (2)(C) if the applicant, prior to the issuance of the patent, makes a showing that, in spite of all due care, the applicant was unable to respond within the 3–month period, but in no case shall more than three additional months for each such response beyond the original 3–month period be reinstated.

"(D) The Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination.

"(4) APPEAL OF PATENT TERM ADJUSTMENT DETERMINATION.—

"(A) An applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5, United States Code, shall apply to such action. Any final judgment resulting in a change to the period of adjustment of the patent term shall be served on the Director, and the Director shall thereafter alter the term of the patent to reflect such change.

"(B) The determination of a patent term adjustment under this subsection shall not be subject to appeal or challenge by a third party prior to the grant of the patent.".

(b) Conforming Amendments.—

(1) Section 282 of title 35, United States Code, is amended in the fourth paragraph by striking "156 of this title" and inserting "154(b) or 156 of this title".

(2) Section 1295(a)(4)(C) of title 28, United States Code, is amended by striking "145 or 146" and inserting "145, 146, or 154(b)".

### SEC. 4403. CONTINUED EXAMINATION OF PATENT APPLICATIONS.

Section 132 of title 35, United States Code, is amended—

(1) in the first sentence by striking "Whenever" and inserting "(a) Whenever"; and

(2) by adding at the end the following:

"(b) The Director shall prescribe regulations to provide for the continued examination of applications for patent at the request of the applicant. The Director may establish appropriate fees for such continued examination and shall provide a 50 percent reduction in such fees for small entities that qualify for reduced fees under section 41(h)(1) of this title.".

### SEC. 4404. TECHNICAL CLARIFICATION.

Section 156(a) of title 35, United States Code, is amended in the matter preceding paragraph (1) by inserting ", which shall include any patent term adjustment granted under section 154(b)," after "the original expiration date of the patent".

### SEC. 4405. EFFECTIVE DATE.

(a) AMENDMENTS MADE BY SECTIONS 4402 AND 4404.—The amendments made by sections 4402 and 4404 shall take effect on the date that is 6 months after the date of the enactment of this Act and, except for a design patent application filed under chapter 16 of title 35, United States Code, shall apply to any application filed on or after the date that is 6 months after the date of the enactment of this Act.

(b) AMENDMENTS MADE BY SECTION 4403.—The amendments made by section 4403—

(1) shall take effect on the date that is 6 months after the date of the enactment of this Act, and shall apply to

Nov. 29     CONSOLIDATED APPROPRIATIONS ACT, 2000    P.L. 106-113

all applications filed under section 111(a) of title 35, United States Code, on or after June 8, 1995, and all applications complying with section 371 of title 35, United States Code, that resulted from international applications filed on or after June 8, 1995; and

(2) do not apply to applications for design patents under chapter 16 of title 35, United States Code.

## Subtitle E—Domestic Publication of Patent Applications Published Abroad

### SEC. 4501.   SHORT TITLE.

This subtitle may be cited as the "Domestic Publication of Foreign Filed Patent Applications Act of 1999".

### SEC. 4502.   PUBLICATION.

(a) PUBLICATION.—Section 122 of title 35, United States Code, is amended to read as follows:

"§ 122.   Confidential status of applications; publication of patent applications

"(a) CONFIDENTIALITY.—Except as provided in subsection (b), applications for patents shall be kept in confidence by the Patent and Trademark Office and no information concerning the same given without authority of the applicant or owner unless necessary to carry out the provisions of an Act of Congress or in such special circumstances as may be determined by the Director.

"(b) Publication.—

"(1) IN GENERAL.—(A) Subject to paragraph (2), each application for a patent shall be published, in accordance with procedures determined by the Director, promptly after the expiration of a period of 18 months from the earliest filing date for which a benefit is sought under this title. At the request of the applicant, an application may be published earlier than the end of such 18-month period.

"(B) No information concerning published patent applications shall be made available to the public except as the Director determines.

"(C) Notwithstanding any other provision of law, a determination by the Director to release or not to release information concerning a published patent application shall be final and nonreviewable.

"(2) EXCEPTIONS.—(A) An application shall not be published if that application is—

"(i) no longer pending;

"(ii) subject to a secrecy order under section 181 of this title;

"(iii) a provisional application filed under section 111(b) of this title; or

"(iv) an application for a design patent filed under chapter 16 of this title.

"(B)(i) If an applicant makes a request upon filing, certifying that the invention disclosed in the application has not and will not be the subject of an application filed in another country, or under a multilateral international agreement, that requires publication of applications 18 months after filing, the