IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. SYKES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JON W. DUDAS, IN HIS OFFICIAL )<br>CAPACITY AS DIRECTOR OF THE )<br>UNITED STATES PATENT AND )<br>TRADEMARK OFFICE, AN AGENCY IN )<br>THE UNITED STATES DEPARTMENT )<br>OF COMMERCE, )<br>)<br>Defendant. )<br>_____)  | Civil Action No. 06CV0829 (CKK) |

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

Pursuant to LCvR7(h), Plaintiff submits the following Statement of Undisputed Facts:

1.      Plaintiff is the owner of U.S. Patent No. 6,962,311 B1 (the "'311 Patent"), which was granted to him, as the sole inventor, on November 8, 2005.  Complaint, Exhibit 1.

2.      Defendant, Jon W. Dudas, is the Director of the United States Patent and Trademark Office ("USPTO"), an agency in the United States Department of Commerce. Judicial Notice.

3.      On January 11, 1994, Plaintiff filed an application for a U.S. utility patent.  That application was assigned, by the U.S. Patent and Trademark Office, serial no. 08/180,202.  *See* A00621 through A0686 and A0693 through A0694; *see also* A0613 through A0616.[1]  This

---

[1] The pages of the administrative record filed by Defendant on November 13, 2006 (see Doc. 12) is cited herein as A0001 (the first page of the record), A0002 (the second page of the record), and so on.  Thus, A0600 refers to the 600th page of the administrative record filed by Defendant.

- 2 -

application (hereinafter the "'202 Application" or the "Parent Application") was a nonprovisional application. *See* A0613; A0621 through A0686; and A0693-A0694.

4. After reviewing the '202 application, the USPTO determined that it actually described several different species of the invention. *See* A0611. To prevent inventors from circumventing the USPTO fee schedule, the USPTO has a procedure whereby it requires an inventor to file separate "divisional" applications – and pay additional fees -- for the various inventions that are disclosed in a single application. This procedure is known as a "restriction requirement." Under this procedure, the USPTO directed Plaintiff to select one species, from among the various species, to pursue in the '202 case, and allowed Plaintiff to file "divisional" applications if it wished to pursue other species of the invention set out in the '202 Application. A0611.

5. On May 22, 1996, in the wake of the USPTO's restriction requirement, Plaintiff filed its "Preliminary Amendment for Divisional Application." A0600 though A0612; A0613 through A0616. This application was assigned serial no. 08/651,431. *Id.* This application (hereinafter the "Divisional Application" or the "'431 Application") was directed solely to the subject matter described and claimed in the parent application. *See id.*; Exhibit 1 to the Complaint; A0611 (electing the species of the invention drawn to Figures 1-5 for prosecution).

6. Plaintiff did not sign or execute the '431 Application under penalty of perjury. *See* A0600 through A0616; A0664 through A0665. The USPTO never requested that Plaintiff sign the '431 Application. A0001 through A0599.

7. The '431 Application was filed before the '202 Application was abandoned. *See* A0600; A0615. It stated that the application "is a divisional of United States Patent

Application Serial No. 08/180,202, which was filed on January 11, 1994 and is still pending." A0600.  The '431 Application claimed the benefit of the filing date of Plaintiff's '202 Application.  *See* A0600; A0615.

8.  The invention addressed by U.S. Patent No. 6,962,311, issued to Plaintiff, was fully disclosed in the '202 Application.  No additional disclosures of the invention were made in the '431 Application.  A0600 though A0612; A0613 through A0616; Exhibit 1 to the Complaint; A0611.

9.  On June 17, 1998, the USPTO's examiner issued a final rejection on the majority of claims in the '431 application.  A0457-A0-466.

10.  On September 16, 1998, plaintiff filed a Notice of Appeal to the USPTO's Board of Patent Appeals and Interferences (the Board) in the '431 application challenging the examiner's final rejection.  A0450-A0451.

11.  On October 30, 2001, the Board issued a decision reversing the examiner and remanding the '431 application to the examiner.  A0232, A0246.

12.  After the BPAI reversed the examiner's rejections on October 30, 2001 (A0232), it took the USPTO eleven months, until September 30, 2002, to issue the next Office Action. (A0221 –A0227.)

13.  In response to the examiner's Office Action dated September 30, 2002, Plaintiff filed an Amendment on January 29, 2003.  (A0202-A0220.)  In response to that Amendment, the USPTO's examiner did not issue a notice of allowance until August 12, 2004.  A0105.

14.  Attached to that Notice of Allowance was a communication entitled "Determination of Patent Term Extension under 35 U.S.C. 154(b) (application filed after June 7,

1995 but prior to May 29, 2000)." This communication informed Plaintiff that the patent to be issued on the '431 application would have its term extended by 1139 days. A0107.

15. On November 3, 2004, Plaintiffs' counsel filed, on Plaintiff's behalf, a petition entitled "Application For Patent Term Adjustment" under 37 C.F.R. § 1.705, but counsel's staff neglected to include the required fee. A0082; A0009-A0013.

16. On November 8, 2004, U.S. Patent No. 6,962,311 was issued with respect to serial no. 08/651,431. On the front page of that patent, it says "Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 1139 days." Complaint, Ex. 1.

17. The USPTO examiner failed to respond to several requests made by counsel for a status report as to the petition respecting the term adjustment, filed on November 3, 2004. *See* A0009-A0049, especially A0009-A0011.

18. On September 22, 2005, the USPTO examiner dismissed plaintiff's petition for failure to pay the required fee. A0050.

19. On November 10, 2005, plaintiff, through his counsel, filed another petition, some 40 pages long, that included all of the required fees. This additional petition demonstrated that counsel's earlier failure to include the required petition fee was an inadvertent oversight, done without deceptive intent. A0009-A0049.

20. On May 3, 2006, Plaintiff filed this lawsuit. Judicial Notice.

- 5 -

21. On July 11, 2006, the PTO responded to Plaintiff's petition filed November 10, 2005, with a written decision rejecting Plaintiff's contention that the '311 patent was entitled to a 17-year term. A0007-A0008. That written decision also rejected Plaintiff's alternative contention that this patent, if it were to have a 20-year term, should have that term extended by 1798 days. A0006-A0007.

22. On November 8, 2006, Plaintiff filed his First Amended Complaint, adding a paragraphs that challenge the determinations made by the USPTO in written decision of July 11, 2006. Judicial Notice; First Amended Compl., paras. 10 and 13 and Ex. 5.

Respectfully submitted,

/s/ Thomas D. Sykes
THOMAS D. SYKES, Pro Se
239 Surrey Lane
Lake Forest, IL  60045
Tel:  (312) 984-7530
Fax:  (312) 984-7700
Email:  tsykes@mwe.com
DC Bar No. 461071

Dated:  December 13, 2006

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing document has this 13th day of December 2006 been made upon the following by electronic filing and through the Court's electronic notification system:

>Karen L. Melnik, D.C. Bar No. 436452
>Assistant U.S. Attorney
>United States Attorney's Office
>Civil Division
>555 Fourth Street, N.W., Rm 4-4112
>Washington, D.C. 307-0338
>(202) 307-0338

>/s/ *Thomas D. Sykes*
>THOMAS D. SYKES, Pro Se
>239 Surrey Lane
>Lake Forest, IL 60045
>Tel: (312) 984-7530
>Fax: (312) 984-7700
>Email: tsykes@mwe.com
>DC Bar No. 461071