IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. SYKES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 06CV0829 (CKK) |
| ) | |
| JON W. DUDAS, IN HIS OFFICIAL ) | |
| CAPACITY AS DIRECTOR OF THE ) | |
| UNITED STATES PATENT AND ) | |
| TRADEMARK OFFICE, AN AGENCY IN ) | |
| THE UNITED STATES DEPARTMENT ) | |
| OF COMMERCE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF UNDISPUTED FACTS**

Pursuant to LCvR7(h), Plaintiff submits the following response to Defendant's Statement of Undisputed Facts, set forth at pages 2-4 of Document 13-1 filed herein.

Statement 1.   On May 22, 1996, plaintiff filed application serial no. 08/651,431, entitled "Platform for Computer Input Device" (the '431 application), with the PTO.

*Plaintiff's Response.*   Disputed.  The document that was filed with the United States Patent and Trademark Office (USPTO) on that date was entitled "Preliminary Amendment for Divisional Application" (hereinafter "Divisional Application" or '431 Application"). A0600. That document was assigned serial no. 08/651,431. A0600. Undisputed that that the device for which patent coverage was sought in that divisional application was referred to as "Platform for Computer Input Device." A0600. The contents of the document speak for themselves.

Statement 2. The '431 Application claimed the benefit of the filing date of plaintiff's earlier, now abandoned, application serial no. 08/180,202 (the '202 application) under 35 U.S.C. §§ 120 and 121.

*Plaintiff's Response:* Denied. At the time the '431 Application was filed, application serial no. 08/180,202 was not abandoned (although it later was abandoned). *See* A0600, A0615. Also denied because the record citation provided by Defendant does not support that the benefit of the earlier filing date was claimed "under 35 U.S.C. §§ 120 and 121." That assertion is a legal conclusion, to which Plaintiff is not required to respond.

Statement 3. On June 17, 1998, the examiner issued a final rejection on the majority of claims in the '431 application.

*Plaintiff's Response:* Undisputed.

Statement 4. On September 18, 1998, plaintiff filed a Notice of Appeal to the PTO's Board of Patent Appeals and Interferences (the Board) in the '431 application challenging the examiner's final rejection. A0450.

*Plaintiff's Response:* Disputed. The Notice of Appeal was filed, by mailing, on September *16*, 1998. A0450-A0451.

Statement 5: On October 30, 2001, the Board issued a decision reversing the examiner and remanding the '431 application to the examiner.

*Plaintiff's Response:* Undisputed.

- 3 -

Statement 6:  After additional prosecution before the examiner, the PTO issued a Notice of Allowance for the '431 application on August 12, 2004.

*Plaintiff's Response:*   Disputed.  The Notice of Allowance addressed claims sought in Serial No. 08/651,431 – claims that were the subject of negotiation, dispute, and an appeal to the BPAI in the wake of the '431 Application.   See A0232 and A0246.

Statement 7:  Attached to that Notice of Allowance was a communication entitled "Determination of Patent Term Extension under 35 U.S.C. 154(b) (application filed after June 7, 1995 but prior to May 29, 2000)," which informed plaintiff that any patent to issue from the '431 application would have its term extended by 1139 days.

*Plaintiff's Response:*   Undisputed.  Plaintiff denies any implication, however, that the patent no. 6,692,311 "results from" the '431 Application.  As explained in Plaintiff's Memorandum, filed herewith, that patent "results from" the '202 Application, while the patent reflects claims "granted on" the '431 Application.

Statement 8:  On November 8, 2004, plaintiff filed a petition entitled "Application For Patent Term Adjustment" under 37 C.F.R. § 1.705, but did not include the required fee.

*Plaintiff's Response:*   Undisputed, except Plaintiff notes (1) that the petition was filed on November 3, 2004 (A0009 and A0014) and (2) that it was his counsel who filed that petition and it was a staff member of counsel's law firm that neglected to pay the required fee (A0009-A0013).  Counsel has explained the circumstances in detail at those pages of the record.  It should be emphasized that the USPTO examiner failed to respond to several requests made by counsel for a status report, at which time the failure to pay the fee could have been immediately

corrected. Instead, the USPTO examiner simply dismissed the petition for failure to pay the fee. A0050.

Statement 9: On September 22, 2005, the PTO dismissed plaintiff's petition for failure to pay the required fee.

*Plaintiff's Response:* Undisputed. Plaintiff notes that it was his counsel who filed that petition and it was a staff member of counsel's law firm that neglected to pay the required fee (A0009-A0013). Counsel has explained the circumstances in detail at those pages of the record. It should be emphasized that the USPTO examiner failed to respond to several requests made by counsel for a status report, at which time the failure to pay the fee could have been immediately corrected. Instead, the USPTO examiner simply went ahead and dismissed the petition for failure to pay the fee. A0050. The examiner's failure to respond to the requests for a status report, coupled with his abrupt dismissal of the petition, required Plaintiff to engage his counsel to file an additional series of papers seeking to have the USPTO rule on the term-extension issue. A0009-A0049.

Statement 10: On November 8, 2005, the PTO issued the '431 application as U.S. Patent No. 6,962,311 (the '311 patent). The face of the '311 patent contains a notice indicating the 1139-day patent term extension.

*Plaintiff's Response:* Disputed. Plaintiff is confused by the assertion that the USPTO "issued the '431 Application as U.S. Patent No. 6,9962,311." It is not correct to say that an application is "issued as a patent." A patent may be "issued on" or "granted on" an application, as explained in Plaintiff's Memorandum filed herewith. Plaintiff disputes any implication that the '311 Patent "results from" the '431 application, for the reasons stated in Plaintiff's

- 4 -

Memorandum. Plaintiff does not dispute that fact of the '311 Patent contains a notice indicating that the 20-year term provided by 35 U.S.C. § 154 is extended by 1139 days under § 154(b).

Statement 11. On November 14, 2005, plaintiff filed a new petition including all of the required fees, and asserting that the earlier failure to include the required petition fee was an inadvertent oversight, done without deceptive intent.

*Plaintiff's Response:* Disputed. That filing was made on November 10, 2005. A0009-A0011. Disputes the characterization that the filing was a "new petition." The petition was a reiteration of the earlier petition, with an explanation for the failure, by counsel's staff, to pay the requisite fee. A0009-A0049. It should be emphasized that the USPTO examiner failed to respond to several requests made by counsel for a status report with respect to the first petition (filed a year earlier), at which time the failure to pay the fee could have been immediately corrected by counsel. Ignoring the requests for status report, the USPTO examiner simply went ahead, in September 22, 2005, and dismissed the first petition for failure to pay the fee. A0050. The examiner's failure to respond to the requests for a status report, coupled with his abrupt dismissal of the petition, required Plaintiff to engage his counsel to file an additional series of papers seeking to have the USPTO rule on the term-extension issue. A0009-A0049.

Statement 12. On May 3, 2006, plaintiff filed this lawsuit challenging the PTO's calculation of the 1139-day patent term extension.

*Plaintiff's Response:* Undisputed but incomplete. Plaintiff's Complaint, which speaks for itself, also challenged the USPTO's decision that a 20-year term, and not a 17-year term, was applicable to the '311 Patent.

Statement 13: On July 11, 2006, the PTO issued a decision rejecting plaintiff's request to add more days to the 1139-day extension. Because plaintiff's '431 application was filed <u>before</u> enactment of the legislation under which plaintiff was seeking the additional days, and because that legislation was not retroactive, plaintiff was not entitled to the additional days he was seeking.

*Plaintiff's Response:* Disputed. The USPTO decision did reject Plaintiff's request to add more days to the 1139-day extension of the 20-year term. But the USPTO also rejected Plaintiff's frontline argument: that Plaintiff is entitled to a 17-year term for the '311 patent. A0007-A0008. Plaintiff disputes the second sentence of the Statement on the basis that it is (a) unclear whether the sentence purports to describe the USPTO's reasoning; (b) if it the USPTO's reasoning, the description is inaccurate (A0006-A0008); and (c) if the sentence does not purport to describe the USPTO's reasoning, but the law, the sentence is a conclusion of law to which a response is not required – and an inaccurate conclusion, at that. See Plaintiff's Memorandum, filed herewith.

Statement 14: On November 9, 2006, plaintiff filed his First Amended Complaint, adding a paragraph numbers 10 and 13 [sic], referencing the July 11, 2006, PTO decision.

*Plaintiff's Response:* Disputed. As the Court's docket reflects, the First Amended Complaint was filed on November 8, 2006. The Statement is garbled, so further response is not required. Moreover, the Complaint speaks for itself. Admits that amendments made to the First

- 7 -

Amended Complaint were designed to refer to the July 11, 2006 USPTO Decision, a copy of which is attached to that pleading.

        Respectfully submitted,

        /s/ *Thomas D. Sykes*
        THOMAS D. SYKES, Pro Se
        239 Surrey Lane
        Lake Forest, IL 60045
        Tel: (312) 984-7530
        Fax: (312) 984-7700
        Email: tsykes@mwe.com
        DC Bar No. 461071

Dated: December 13, 2006

- 8 -

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing document has this 13th day of December 2006 been made upon the following by electronic filing and through the Court's electronic notification system:

>Karen L. Melnik, D.C. Bar No. 436452
>Assistant U.S. Attorney
>United States Attorney's Office
>Civil Division
>555 Fourth Street, N.W., Rm 4-4112
>Washington, D.C. 307-0338
>(202) 307-0338

>/s/ *[signature]*
>THOMAS D. SYKES, Pro Se
>239 Surrey Lane
>Lake Forest, IL 60045
>Tel: (312) 984-7530
>Fax: (312) 984-7700
>Email: tsykes@mwe.com
>DC Bar No. 461071