UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS D. SYKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06CV0829 (CKK) |
| ) | |
| JON W. DUDAS, ) | |
| ) | |
| Under Secretary of Commerce ) | |
| for Intellectual Property and ) | |
| Director of the United States ) | |
| Patent and Trademark Office ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
STATEMENT OF UNDISPUTED FACTS**

Defendant Jon. W. Dudas, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("Defendant"), respectfully submits this reply to "Plaintiff's Statement of Undisputed Facts" ("Plaintiff's Statement") filed in connection with his cross-motion for summary judgment.

Plaintiff's Statement fails to establish that there are any genuine issues of material fact. The facts contained in the following numbered paragraphs of Plaintiff's Statement are undisputed: 1-3, 7-9, 11-18, and 20-22. While the defendant does not admit to the below facts in whole, this is of no consequence as these facts are immaterial, and therefore, have no impact on this Court's legal determination.

Statement 4: After reviewing the '202 application, the USPTO determined that it actually described several different species of the invention. *See* A0611. To prevent inventors from circumventing the USPTO fee schedule, the USPTO has a procedure whereby it requires an inventor to file separate "divisional" applications--and pay

additional fees--for the various inventions that are disclosed in a single application.  This procedure is known as a "restriction requirement."  Under this procedure, the USPTO directed Plaintiff to select one species, from among the various species, to pursue in the '202 case, and allowed Plaintiff to file "divisional" applications if it wished to pursue other species of the invention set out in the '202 Application.  A0611.

*Defendant's Response*: Defendant admits the existence of the restriction requirement.  Plaintiff's characterization of restriction procedure as one that "requires" an applicant to file a divisional application is a conclusion of law and the statute speaks for itself.  See 35 U.S.C. § 121 ("Divisional applications").

Statement 5: On May 22, 1996, in the wake of the USPTO's restriction requirement, Plaintiff filed its "Preliminary Amendment for Divisional Application."  A0600 though [*sic*] A0612; A0613 through A0616.  This application was assigned serial no. 08/651,431.  *Id.*  This application (hereinafter the "Divisional Application" or the "'431 Application") was directed solely to the subject matter described and claimed in the parent application.  *See id.*; Exhibit 1 to the Complaint; A0611 (electing the species of the invention drawn to Figures 1-5 for prosecution).

*Defendant's Response*: The defendant admits that the '431 Divisional Application was filed.  Plaintiff's assertion that the subject matter was limited to that "described and claimed in the parent application" is not accurate because plaintiff's Preliminary Amendment added a number of new claims not previously presented for examination (A0603-A0611).  That inaccuracy, however, is of no consequence because it is immaterial and has no impact on this Court's legal determination.

Statement 6: Plaintiff did not sign or execute the '431 Application under penalty of perjury. *See* A0600 through A0616; A0664 through A0655. The USPTO never requested that Plaintiff sign the '431 Application. A0001 through A0599.

*Defendant's Response*: The defendant admits that plaintiff did not sign or execute a separate declaration for the '431 application. None was required under 37 C.F.R. § 1.60 (1996).

Statement 10: On September 16, 1998, plaintiff filed a Notice of Appeal to the USPTO's Board of Patent Appeals and Interferences (the Board) in the '431 application challenging the examiner's final rejection. A0450-A0451.

*Defendant's Response*: The defendant admits that they received plaintiff's Notice of Appeal on September 18, 1998, which plaintiff mailed on September 16, 1998, was deemed timely filed. Thus, any discrepancy between the mailing date and the filing date is irrelevant and immaterial.

Statement 19: On November 10, 2005, plaintiff, through his counsel, filed another petition, some 40 pages long, that included all the required fees. The additional petition demonstrated that counsel's earlier failure to include the required petition fee was an inadvertent oversight, done without deceptive intent. A0009-A0049.

*Defendant's Response*: On November 14, 2005, the defendant received plaintiff's petition, which plaintiff mailed on November 10, 2005, and deemed it timely filed. Thus, any discrepancy between the mailing date and the filing date is irrelevant and immaterial.

January 10, 2007                              Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
KAREN MELNIK, D.C. Bar # 437452
Assistant United States Attorney
Judiciary Center Building
555 4th St, NW Rm E4112- Civil Division
Washington, D.C. 20530
(202) 307-0338


OF COUNSEL:
JOHN M. WHEALAN
Solicitor
NATHAN K. KELLEY
WILLIAM LAMARCA
Associate Solicitors
U.S. Patent and Trademark Office
P.O. Box 15667
Arlington, VA  22215
(571) 272-9035